UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

v. 19 Cr. 318 (JMF)

IFEANYI EKE,
a/k/a "Luthur Mulbah Doley," and
JOSHUA IKEJIMBA,
a/k/a "Johnson Ifeanyi Gbono,"
a/k/a "Alfred Henshaw,"
a/k/a "Peterson Kamara Lawson,"
a/k/a "Ganiru Paul Thompson,"

Defendants.

Conference

------------------------------x

New York, N.Y.
November 5, 2019
4:15 p.m.

Before:

HON. JESSE M. FURMAN,

District Judge

APPEARANCES

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
BY: JARROD L. SCHAEFFER
OLGA I. ZVEROVICH
Assistant United States Attorneys

DAVID E. PATTON
Federal Defenders of New York, Inc.
Attorney for Defendant Eke
BY: PHILIP L. WEINSTEIN
Assistant Federal Defender

TODD A. SPODEK
Attorney for Defendant Ikejimba

THE COURT: We're here in the matter of United States v. Ashu, *et al.*

Counsel, please state your appearances for the record.

MR. SCHAEFFER: Jarrod Schaeffer and Olga Zverovich for the government. Good afternoon, your Honor.

MS. ZVEROVICH: Good afternoon, your Honor.

THE COURT: Good afternoon.

MR. WEINSTEIN: Phil Weinstein for Mr. Eke, who is not here, as the Court knows.

THE COURT: I am aware of it.

MR. SPODEK: Good afternoon, your Honor. Todd Spodek for Mr. Ikejimba.

THE COURT: All right. Good afternoon to you as well.

Good afternoon, Mr. Ikejimba.

No motions were filed. Normally, the main order of business would be to set a trial date, I would think, but I'm not sure what Mr. Eke's situation means for that or if anyone has any updates on that front or if there's anything to discuss on that front. Obviously, the evaluation process is proceeding, I would assume, in accordance with my order.

Mr. Schaeffer.

MR. SCHAEFFER: That's correct, your Honor.

In accordance with the order, Mr. Eke is currently being evaluated. The government has reached out to the BOP, as your Honor knows; we submit updates every three weeks. Another

one is due this week. We have not yet received confirmation back from BOP about his current condition, but our understanding is that he is undergoing evaluation.

THE COURT: Do we have any understanding about how long that evaluation process is likely to last?

MR. SCHAEFFER: My understanding is that it's a little bit dependent on the evaluation itself, but the approximation is about 30 days.

THE COURT: 30 days from when I signed the order?

MR. SCHAEFFER: From when they begin the evaluation.

THE COURT: And do we know when that was?

MR. SCHAEFFER: It would be approximately a few days after you signed the order. I'm not sure exactly when, but we should get an update from BOP, this update for your Honor when they actually began the process.

THE COURT: All right. I suppose on that update if you could give me a sense of what their projected timetable is when they anticipate producing a report, that would be helpful.

MR. SCHAEFFER: We will. We will include that when requesting that information, your Honor.

THE COURT: All right. And do you have a view on setting a trial date and how we should handle that?

MR. SCHAEFFER: I think actually Mr. Spodek would like to be heard regarding the motion schedule. As your Honor knows, there were certain developments that I think had

prevented him from reviewing all of the discovery in this case, and I think he would like to speak to that. Other than that, your Honor, we would be amenable to setting a trial date that is workable for the parties.

THE COURT: Mr. Spodek.

MR. SPODEK: Yes, your Honor.

As your Honor knows, I was out on medical leave for a bit. I did review a significant amount of discovery. I have about a third left. I do need to review it with Mr. Ikejimba, and there's been some delay in getting it over to the facility, as it needs to be sent from the government, apparently, and not from us. So I'm going to provide a hard drive to the government so that they can send it directly to the facility.

If your Honor would consider setting a status date for us, I think it would be helpful, and I do think I'll have an update by then. I would need a short period of time.

THE COURT: All right. I take it it makes sense to give you some additional time to file motions.

MR. SPODEK: Yes, your Honor.

THE COURT: But my preference would be just to give you a deadline by which to file motions.

MR. SPODEK: Yes, your Honor.

THE COURT: I think that makes more sense than just having a status update or another conference. What's your thought on that preference?

MR. SPODEK: That's fine, Judge. If you could set a date, I would appreciate it.

MR. WEINSTEIN: Your Honor, may I be heard on behalf of Mr. Eke?

THE COURT: Sure.

MR. WEINSTEIN: Mr. Eke has seen none of the discovery. I haven't spoken to him, as the Court knows.

THE COURT: Could you just get the microphone closer to you.

MR. WEINSTEIN: He is currently at Devens. By the time he was put on suicide watch, he saw none of the discovery. It is all on hard drives. As the Court knows, there are hundreds of thousands of pages. I've looked at some of them, but it's kind of hard to make sense of the emails. So until he is found competent, I'm happy to come for status conferences, but I can't really tell you what motions might be made and also when he will be ready for trial. He didn't know who I was when I saw him. He had no sense of what was going on and why he was here. So I have not had any substantive conversations with him other than the first day I picked up the case and then I saw him at some other point. So I don't know how I can set any dates.

THE COURT: Yes, I think that's a fair point, and we had, I think, adjourned without date your motion deadline. Maybe, I'm just thinking out loud, it makes sense to set a

motion deadline for both defendants here and, in essence, not treat it as the second pretrial conference at which I would set a trial date. Having said that, I don't know if it makes sense to set a single date given the uncertainties with Mr. Eke. I suppose we could set it, and depending on what happens with him, that date can always be extended or modified, as appropriate.

Does that make sense?

MR. WEINSTEIN: I would propose, your Honor, from the time he is brought back and found competent that we have a conference within a week of that time, and then we can kind of go from there.

THE COURT: All right.

Mr. Spodek, what's your thought in terms of how much time you would need on your end, putting aside Mr. Eke's situation?

MR. SPODEK: Four weeks, Judge.

THE COURT: Why don't we deal with them separately and proceed accordingly. Given Mr. Eke's status, I think I'll depart from my usual practice of setting a trial date at this conference and hold off; we will presumably reconvene for that purpose in due course.

I'll set a deadline for Mr. Ikejimba to file any pretrial motions. Today's the 5th. Given the Thanksgiving holiday, why don't I give you until December 12; does that

work?

MR. SPODEK: Yes, your Honor. That's perfect. Thank you.

THE COURT: And then given the Christmas holiday, I'll give the government, let's say, until January 7 to file any opposition.

Does that make sense?

MR. SCHAEFFER: Thank you, your Honor.

THE COURT: And then any reply would be due on January 14. Given the holidays I'll do this differently than I normally would. Why don't we plan to reconvene shortly after any motion would be fully submitted, at which point we can evaluate where things stand with Mr. Eke and how to proceed with respect to a trial date, motions, etc. And obviously if Mr. Eke returns before that time, then we may convene in connection with his case sooner to figure out what's going on there.

Does that make sense?

MR. SPODEK: Yes, your Honor.

THE COURT: Mr. Weinstein.

MR. WEINSTEIN: Yes, your Honor.

THE COURT: All right. Let's reconvene on Thursday, January 16 at 4 p.m.

Is that good?

MR. SPODEK: Yes, your Honor.

MR. WEINSTEIN: That's fine, Judge.

MR. SCHAEFFER: Yes, your Honor.

THE COURT: All right. Any applications with respect to the speedy trial clock?

MR. SCHAEFFER: Yes, your Honor.

We would ask to exclude time through the next conference of January 16, 2020, to allow Mr. Spodek and his client to continue to review discovery and prepare motions, and to allow Mr. Eke to continue to be stabilized and to be evaluated for competence.

THE COURT: Any objections?

MR. WEINSTEIN: No objection.

MR. SPODEK: No objection.

THE COURT: I think time is automatically excluded in connection with Mr. Eke's current situation, but in any event, I will exclude time between today and January 16, 2020. I find that the ends of justice served by excluding that time outweigh the interests of the public and the defendants in a speedy trial to allow Mr. Eke to be evaluated and for us to decide what's going on in his case and to allow Mr. Spodek and Mr. Ikejimba an adequate amount of time to review the discovery, to consider what, if any, motions to file and to file those motions.

Anything else?

MR. SCHAEFFER: Not from the government, your Honor.

MR. SPODEK: Nothing for Mr. Ikejimba.

MR. WEINSTEIN: Nothing for my client.

THE COURT: Understood.

All right. The matter is adjourned. Thank you very much. Have a good day.

(Adjourned)