# COHEN, FRANKEL & RUGGIERO, LLP

ATTORNEYS AT LAW
20 VESEY STREET, SUITE 1200
NEW YORK, NEW YORK 10007
(212) 732-0002 • FAX (212) 293-7224

MARK I. COHEN
PETER M. FRANKEL
LOUIS J. RUGGIERO
MINA KENNEDY
GILLIAN M. FEEHAN*

*ADMITTED IN NJ AND PENDING ADMISSION IN NY

35-07 90TH STREET
JACKSON HEIGHTS, NEW YORK 11372
(718) 898-4900 • FAX (718) 898-0093
PLEASE DO NOT REPLY TO THIS OFFICE

May 1, 2020

**VIA ECF**
The Honorable Jesse M. Furman
District Court Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

                           Re: *United States v. Ifeanyi Eke*
                                 19-cr-00318 (JMF)

Dear Judge Furman:

      Please recall that I represent Mr. Ifeanyi Eke in his defense of the above-referenced matter. I write to request that Your Honor modify and extend the scheduling order set in this case during my initial appearance in this matter on March 9, 2020. The extension is necessary to enable defense counsel to receive and examine all discovery and to schedule adequate time to review it with Mr. Eke. The defense has consulted with the Government who has no objection to this request.

      I filed a notice of appearance in this matter on March 5, 2020. On March 9, 2020, the parties appeared before Your Honor for a pretrial conference, at which time Your Honor agreed to permit my substitution for Mr. Ian Marcus Amelkin as counsel of record to Mr. Eke. During the conference, a motion schedule was set, with defense motions due by May 15, 2020, Government opposition due by May 29, 2020, and reply due by June 5, 2020. Additionally, a pretrial conference was scheduled for May 18, 2020.

      Prior to the conference on March 9, 2020, Mr. Amelkin provided me with the discovery that he received from his predecessor Philip Weinstein, who had been responsible for the handling of the case from the time Mr. Eke was arrested until Mr. Weinstein's retirement. We immediately commenced our review of the voluminous discovery that was provided, and in the course of our review, we determined that a sizeable portion of the discovery originally produced to the Federal Defenders by the Government had not been provided to us. Thereafter, we sent an email to AUSAs Olga Zverovich and Jarrod Schaeffer on April 9, 2020. Considering

Government office closings due to COVID-19 and the amount of data that would need to be reproduced, AUSAs Zverovich and Schaeffer requested that we first try to contact the Federal Defenders to determine whether they inadvertently retained the missing discovery.

 I spoke with Mr. Amelkin on April 13, 2020, and he advised that he inherited the case from Mr. Weinstein who had recently retired. Mr. Amelkin assured us that he provided all the discovery he received but could not be certain that he received all discovery from Mr. Weinstein. I reported this information to the Government, and AUSA Schaeffer asked that we reach out to Mr. Weinstein via email to determine if he could help locate the missing discovery.

 I communicated with Mr. Weinstein via email on April 14, 2020, who explained that all of the discovery had been placed on his computer by the Federal Defenders' IT Department, which Mr. Amelkin had access to. Mr. Weinstein noted, however, that the IT Department was having difficulty with the format of the CDs and he did not know if that issue was ever resolved after he left the Federal Defenders Office. He assured me that all discovery he had or that the IT Department could download was on his computer.

 That same day, I recounted our efforts to the Government via email and requested reproduction of the missing discovery. On April 15, I ordered a 1 TB hard drive on Amazon and had it shipped directly to the U.S. Attorney's Office. The Government confirmed receipt of the drive on April 21, 2020. At this time, the Government is diligently working on reproducing a substantial amount of data and anticipates the drive will be ready in the next two weeks. Once we receive it, we expect the additional discovery to be voluminous and we will require time to review it. Because Mr. Eke is confined to the MDC and we have virtually no access to him at this time, we will require additional time to review the discovery with him prior to deciding whether to make and what motions would appropriate.

 It is respectfully requested that Your Honor permit an extension of the motion schedule without setting a specific date at this point. The parties suggest that Your Honor set a control date for a period of 45 days for the defense to report to Your Honor concerning our efforts to review balance of the discovery to be provided. Of course, the defense is amenable to any other plan that the Court deems appropriate.

Respectfully submitted,

Mark I. Cohen, Esq.

MIC/gmf

Cc: AUSA Olga Zverovich (via ECF)
   AUSA Jarrod Schaeffer (via ECF)
   Mr. Ifeanyi Eke (via mail)

The motion deadline is hereby extended to June 29, 2020; the opposition deadline to July 13, 2020; and the reply deadline to July 20, 2020. The extension is without prejudice to a motion for another extension if circumstances justify it. The pretrial conference is ADJOURNED from May 18, 2020, to July 2, 2020, at 2:30 p.m. If the Government wishes for time to be excluded under the Speedy Trial Act, it shall confer with defense counsel and submit a proposed order to that effect. The Clerk of Court is directed to terminate Doc. # 96 and 97. SO ORDERED.

May 4, 2020